http://www.va.gov/vetapp16/Files4/1630411.txt

Citation Nr: 1630411 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 14-25 432 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Des Moines, Iowa

THE ISSUES

1. Entitlement to service connection for tinnitus.

2. Entitlement to service connection for bilateral hearing loss.

REPRESENTATION

Veteran represented by: The American Legion

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

C. Fields, Counsel

INTRODUCTION

The Veteran had honorable active service from January 1973 through January 1977.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Des Moines, Iowa. The Veteran testified before the undersigned at a personal hearing in June 2016; a transcript is of record. 

The Agency of Original Jurisdiction (AOJ) last adjudicated the issues on appeal in a May 2014 Statement of the Case. The Veteran has submitted additional evidence for his appeal since that time, including hearing test results and a statement from his wife. Neither the Veteran nor his representative has requested that additional such evidence be reviewed in the first instance by the AOJ, and the AOJ did not otherwise obtain or associate with the claims file any evidence relevant to the issues on appeal after its last adjudication. Thus, because the Veteran's substantive appeal was received after February 2, 2013, the Board may proceed and conduct a review of the additional evidence in the first instance. 38 C.F.R. § 20.1304(c) (2015).

FINDINGS OF FACT

1. The Veteran's current chronic tinnitus had its onset during service.

2. The Veteran has not had a right ear hearing loss disability during the appeal.

3. The Veteran has had a left ear hearing loss disability throughout the appeal; he provided competent and credible testimony of left ear hearing problems beginning during service, and the current hearing loss disability is due to service. 

CONCLUSIONS OF LAW

1. The criteria for service connection for tinnitus have been met. 38 U.S.C.A. §§ 1110, 1112, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2015).

2. The criteria for service connection for left ear hearing loss have been met. 38 U.S.C.A. §§ 1110, 1112, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307(a)(3), 3.309(a), 3.385 (2015).

3. The criteria for service connection for right ear hearing loss have not all been met. 38 U.S.C.A. §§ 1110, 1112, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307(a)(3), 3.309(a), 3.385 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. VA's Duties to Notify and Assist

The Board's decision herein is a full grant of the benefits sought for tinnitus and left ear hearing loss; thus, no discussion is needed as to due process for those issues. 

The Veteran was provided full notice of the requirements and procedures to substantiate his claim for right ear hearing loss in March 2013, prior to the initial denial. Further, the 2016 Board hearing focused on the required elements. The Veterans Law Judge explained the reasons for prior denials and asked questions to elicit pertinent and potentially favorable information, to include as to the nature and timing of symptoms, in-service injuries or incidents, and whether the Veteran had sought treatment or been told that he has a current disability related to service. The Veteran and his representative also indicated actual knowledge of the requirements for his claim through questioning and testimony during the hearing. Moreover, they have not identified any notice defect or prejudice from the hearing or otherwise. 

The AOJ assisted the Veteran by obtaining service treatment and personnel records, as well as post-service medical records that he submitted or provided sufficient authorization for VA to obtain. This includes private records dated from 1989 to 2012, although the Veteran denied any treatment specifically for hearing loss or tinnitus. He also submitted records of hearing tests dated from 2006 to 2016 for his employment. There is no indication of any pertinent, outstanding records. 

In addition, the Veteran was afforded a relevant VA examination in 2013. This examiner conducted appropriate testing to determine whether there is a current hearing loss disability in either ear for VA purposes, which showed a left ear disability but not a right ear disability. Although he Veteran asserted during the 2016 hearing that his hearing problems continued to worsen over time, he submitted additional hearing tests conducted by his employer dated through March 2016. Those records include pure tone results and continue to show no right ear hearing loss disability for VA purposes. There is no argument or indication that the Veteran's right ear hearing has worsened to any significant degree since that test, and the tests continued to show left ear hearing loss that had worsened since 2013. Thus, there is no need for additional hearing testing to fairly adjudicate this appeal.

In sum, VA satisfied its duties to inform and assist. No prejudice has been alleged or shown due to any possible defects, as any errors were not harmful to the essential fairness of the proceedings, and no further development would be reasonably likely to aid in substantiating the claim. The Veteran has had ample opportunity to participate in the adjudication, and the Board may issue a decision on the merits.

II. Claim Analysis

Applicable VA statutes, regulations, and case law provide that entitlement to direct service connection requires three elements: a current disability; an injury or disease during active military service; and a link between the current disability and service to show either incurrence or aggravation of the disability during such service. 

Further, service connection may be granted for sensorineural hearing loss or tinnitus on a presumptive basis as a chronic disability if it manifested and met VA's criteria for a compensable (at least 10 percent) rating within one year after active duty. A nexus between a current listed chronic disability and service may be established by medical evidence or competent lay evidence of continuity of symptomatology.

Before discussing the evidence as to injury and symptoms during and since service, the first element for service connection is a current disability, as defined by VA.

Pure tone thresholds of 20 decibels or below reflect hearing within normal limits. Hensley v. Brown, 5 Vet. App. 155, 157 (1993). VA considers impaired hearing to be a disability when the auditory (pure tone) threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; when the thresholds for at least three of these frequencies are 26 decibels or greater; or when the speech recognition score using the Maryland CNC Test is less than 94 percent. 38 C.F.R. § 3.385. These criteria do not have to be met during service for service connection. 

In this case, the Veteran is competent to diagnose the condition of tinnitus because this is generally a subjective condition that is observable by laypersons. Thus, his testimony that he has tinnitus now is sufficient to establish this current disability. 

In contrast, although the Veteran is competent to report his observable symptoms and history of hearing loss, such as when he first perceived difficulty hearing, he is not competent to diagnose an actual hearing loss disability, as opposed to hearing difficulties due to other conditions. This is because there is no indication that the Veteran has any medical expertise, and a diagnosis of hearing loss requires objective testing pursuant to VA criteria and medical expertise for interpretation. As discussed below, the medical evidence in this case establishes a current left ear hearing loss disability, but not a current right ear hearing loss disability. 

The July 2013 VA examination showed pure tone thresholds from 500 to 4000 Hertz in the left ear of 20, 15, 30, 35, and 50 decibels, respectively; and in the right ear of 15, 10, 20, 20, and 30 decibels, respectively. As there was at least one pure tone threshold of 40 decibels or above in the left ear, a VA disability was shown. 

For the right ear, although the pure tone threshold at the 4000 Hertz level was above 25 decibels, there was only one such elevated pure tone in the right ear; thus, the VA disability criteria were not met. Speech discrimination scores, using the Maryland CNC word list as required to establish a VA disability, were 94 percent bilaterally; this also does not establish a right ear hearing loss disability. 

Similarly, the Veteran's available hearing tests for post-service employment, dated from 2006 through March 2016, showed pure tone thresholds for the right ear from 500 to 4000 Hertz ranging from 10 to 25 decibels from 2006 to 2009, then from 10 to 35 decibels from 2012 through 2016. Nevertheless, those records only showed a pure tone threshold above 25 decibels (30 or 35 decibels) at the 4000 Hertz level, and there were no measurements of 40 decibels or above in the right ear through the 4000 Hertz level. Although the Veteran had measurements of 40 decibels or above at the 6000 and 8000 Hertz levels, those levels do not establish a VA disability. 

Further, although "speech frequency" scores were recorded in in some of these records from 2009 to 2016, it is apparent that those scores were not based on the Maryland CNC word list, as required to establish a VA disability. As noted above, the scores using the Maryland CNC word list would be considered a VA disability with a score of below 94 percent; the lower the score, the more severe the disability, as indicated by VA's rating criteria for hearing loss. In contrast, the private results from 2013 and 2014 stated that the Veteran's right ear "speech frequency average" was "normal" at 15 or 16 and that right ear "high frequency average" was "mild" at 35 or 38. Thus, these scores did not establish a right ear hearing loss disability.

As there is no current right ear hearing loss disability shown, service connection cannot be granted at this time, regardless of any of the other evidence of record.

Turning to the claims for left ear hearing loss and tinnitus, the Veteran contends that his current tinnitus and hearing loss are related to in-service injury, primarily from hazardous noise exposure through his duties in fire direction control while in Germany. The Veteran has provided consistent reports as to the nature and timing of his symptoms and injuries. See December 2012 and November 2013 written statements, July 2013 VA examination report, and June 2016 hearing transcript. 

In particular, the Veteran has stated that he first noticed ringing in his ears in 1974 after firing multiple rounds of an M-203 grenade launcher for training without proper hearing protection. He also described military noise exposure from gunfire, 109 Howitzers, working long hours with loud radios to communicate during training missions, and constant noise from generators that were bolted on top of the track for his fire direction computer. The Veteran reported multiple additional episodes of ringing in the ears, including after exposure to radio and generator noise, and after firing an M-60 machine gun for training and experiencing additional noise from one of the guns nearby him having exploded. 

The Veteran also testified that he did notice hearing loss in his left ear during service. He has indicated that he believes the noise from radios and otherwise affected his left ear during service, stating that most of the constant generator noise from his computer and radio noise were located on his left side. He also indicated that his left ear "really rang' after the M-60 machine gun exploded close to him near the end of his service, and that he also had hearing difficulties at that time, in that noises "sounded like they were 100 yards away ... and the tone was flat." The Veteran testified that his conditions worsened after service, and that the left ear tinnitus was the worst, but he did not know if his left ear hearing loss had worsened. 

The Veteran has acknowledged that his examination for separation from service did not record any hearing loss, but he indicated during the 2016 hearing that he did not respond accurately to that hearing test because he just wanted to be let out of service. He testified to having worked long tours of duty with no days off, including frequent noise exposure, and other bothersome circumstances such as getting a swine flu shot. The Veteran stated that, when he arrived at Fort Dix from overseas, there were several service members who had failed their hearing tests and were having to wait several days for final disposition, and he was told that if he did not want to fail the hearing test then he should "just hold the button," so he did. 

The Veteran has consistently stated that he did not have ringing in the ears prior to service, and that he had intermittent until approximately eight years after service, at which point the tinnitus became constant. He believes that his tinnitus, especially on the left side, and his left ear hearing loss are due to his experiences in service. During the 2016 hearing, the Veteran testified that his main complaint was of ringing in the ears ever since service, which had progressively worsened over the years and particularly in the last several years. He also stated that he frequently could not hear or understand people talking from behind or to the side of him. 

Besides the Veteran's lay reports regarding his symptoms and injuries, service personnel records confirm his duties as a crewman and in a fire direction company, as well as qualification badges for rifles and grenades. This information is consistent with the Veteran's testimony as to his in-service duties, and there is no reason to doubt his description as to the types of noise exposure he experienced. Thus, in-service injury via hazardous noise exposure has been established.

The Board observes that the Veteran's service treatment records do not reflect any complaints of tinnitus symptoms or hearing difficulties, and no clinical abnormality was found at his October 1976 examination for separation from service. Pure tone results for the left ear at that time ranged from 0 to 5 decibels from the 1000 to 4000 Hertz levels, with no measurement recorded at the 500 Hertz level. As noted by the 2013 VA examiner, these results were within normal limits; however, a hearing loss disability or diagnosis during service is not required to warrant service connection.

The Veteran has not reported that he sought treatment during service for hearing loss or ringing in the ears. Instead, he indicated in written statements for his appeal and during the Board hearing that he was sought treatment on two occasions for being hit in the head and having a headache and being told he had a concussion, after which points he had ringing in the ears for a period of time. No such symptoms or treatment are documented in the Veteran's service treatment records, and he has not otherwise claimed service connection for a concussion or residuals. 

Notably, the Veteran's service records do not include a self-report of his noticeable symptoms at the time of his separation from service. Again, the Veteran is competent to describe and report the timing of his observable symptoms. 

The Veteran's wife submitted a statement in July 2014 indicating that they had been married for 16 years, or since approximately 1998, and that she had been aware of his hearing loss and complaints of ringing in the ears since that time. She had noticed that the Veteran's hearing difficulties were worse on his left side. 

During the 2016 hearing, the Veteran indicated that he was married previously, but that his former wife, but that neither she nor other family members were available to provide any information as to his symptoms between his service and 1998. 

The Veteran has denied any specific treatment after service for his hearing loss or tinnitus. Nevertheless, a lack of treatment or corroborating medical records does not necessarily mean he did not have symptoms throughout that time period. 

The claims file includes records of general private treatment dated from 1989. Such records included a May 1989 record that is somewhat illegible, but that included a chart for whether the Veteran had an unspecified type of response for testing in the right and left ears. The response was "yes" for a response at all levels except for the final level in the left ear, which was shown as a "no" response. There is no other detail as to the Veteran's hearing symptoms at that time, but this record is generally consistent with the Veteran having had ongoing hearing impairment in the left ear.

The Veteran has reported post-service employment in manufacturing plants with no requirement for hearing protection. See July 2013 VA examination report. Although the 2006 to 2016 hearing tests for employment were conducted as part of a hearing conservation program, they also indicated that the Veteran worked as a maintenance worker, and there was no specific information as to his noise exposure.

Further, the hearing test in 2006, which was noted to be the first test for the hearing conservation program, already showed a left ear hearing loss disability, with pure tone thresholds of 45 and 55 decibels at the 3000 and 4000 Hertz levels, respectively. As the Veteran did not seek prior treatment, the date of onset of his actual hearing loss disability for VA purposes cannot be determined for certain.

Although a September 2012 private record noted that the Veteran denied ringing in the ears or poor hearing on a systems review, this was related to a preoperative consult for an unrelated condition, and it has low probative value. Further, the Veteran filed his claim for VA service-connected compensation benefits for hearing loss and tinnitus in December 2012, shortly after this treatment record. His testimony throughout this appeal is generally consistent and contradicts the notation of no tinnitus hearing loss symptoms in the September 2012 treatment record.

The July 2013 VA examiner opined that the Veteran's current left ear hearing loss was not at least as likely as not caused by or a result of his hazardous noise exposure during service. This opinion was based a comparison of the results of audiometric testing at his service entrance and exit examinations. The examiner indicated that exposure to impulse sounds or continuous exposure could cause a temporary threshold shift, the impulse noise could also result in immediate and permanent hearing loss, and that continuous and repeated exposure to loud noise may cause permanent hearing loss. The examiner stated that damage from noise exposure occurs at the time of the exposure, and that a normal audiogram after noise exposure would verify that there was no resulting permanent hearing loss. 

This VA examiner did not express an opinion as to whether the Veteran's tinnitus was directly related to service. Instead, the examiner stated that the Veteran's tinnitus was at least as likely as not a symptom associated with his hearing loss because tinnitus is known to be a symptom associated with hearing loss.

The VA examiner's opinion with regard to the cause of the Veteran's hearing loss has low probative value because it does not appear to have considered the other evidence of record, as summarized above, concerning the Veteran having had left ear hearing loss symptoms since service, despite having no measured hearing impairment at that time. Similarly, the examiner did not appear to consider the Veteran's reports as to having persistent and recurrent tinnitus since service. 

Resolving reasonable doubt in the Veteran's favor, the Board finds that he has had ongoing tinnitus symptoms since service, such that service connection is warranted for chronic disability. Further, although there are some discrepancies, the Board finds that the Veteran has also had left ear hearing difficulties to some extent since service. Moreover, the VA examiner noted that his tinnitus, which the Board finds to have been present since service, is related to his diagnosed hearing loss. Thus, the evidence establishes a link between the current left ear hearing loss and service.

ORDER

Service connection for tinnitus is granted.

Service connection for right ear hearing loss is denied.

Service connection for left ear hearing loss is granted.

______________________________________________
JAMES G. REINHART
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs